UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV00379 AGF |
| | ) | |
| JEFFERSON HEALTH SYSTEM INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Express Scripts, Inc. brings this action for breach of contract against

Defendants Jefferson Health System, Inc., Main Line Health, Inc., Thomas Jefferson

University Hospitals, Inc., Methodist Hospital, The Magee Memorial Hospital for

Convalescents, and Aria Health System.  Now before the Court is Defendants' motion to

dismiss pursuant to 28 U.S.C. § 1391 or to transfer the matter to the United States District

Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404.  For the

reasons set forth below, Defendants' motion to dismiss will be denied and Defendants'

motion to transfer will be granted.

## I.  BACKGROUND

Plaintiff, a Delaware corporation with its principal place of business in Missouri,

filed this suit in the Circuit Court for the County of St. Louis, Missouri, on January 31,

2013.  Plaintiff alleges that Defendants breached their 2002 and 2007 contracts with

Plaintiff by refusing to return certain rebate payments improperly paid to Defendants for

ineligible prescription drug claims for the period 2004 through 2007. On February 28, 2013, Defendants,[1] all of whom are residents of Pennsylvania, filed a timely petition for removal of the action to this Court under 28 U.S.C. §1332(a).

Defendants now move to dismiss or transfer asserting that dismissal is necessary under 28 U.S.C. § 1406(a) because venue in this district is not proper under 28 U.S.C. § 1391. In response, Plaintiff argues that Defendants' reliance on 28 U.S.C. § 1391 is misplaced, and that the motion to dismiss should be denied because venue is proper in this district pursuant to 28 U.S.C. § 1441(a), the statute applicable to cases removed from state court. In the alternative, Plaintiff asserts that Defendants' motion to dismiss should be denied because Plaintiffs failed to raise the issue of personal jurisdiction and have therefore conceded that venue is proper in this district under 28 U.S.C. § 1391(b)(1).

Defendants contend, in the alternative, that the action should be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404 and argue that transfer is proper because Defendants and many of the likely witnesses reside in Pennsylvania and because other likely witnesses, former employees of the parties, reside within the subpoena power of the district court for the Eastern District of Pennsylvania, but not within the subpoena power of the Eastern District of Missouri. In addition, Defendants point out that the contracting party, a subsidiary of Plaintiff, is located just across the border from Pennsylvania, in New Jersey; and that many of the events related to the dispute occurred in Pennsylvania. Defendants further assert that transfer is desirable

---

[1]     There are six Defendants in this action, although Plaintiff originally sued seven entities. Plaintiff voluntarily dismissed one of them, the Albert Einstein Healthcare Network, on February 22, 2013, prior to the filing of the notice of removal.

because the Pennsylvania district court has greater familiarity with the laws of Pennsylvania and New Jersey, one of which Defendants assert will apply here. Finally, Defendants argue that Plaintiff's choice of forum is not entitled to deference here in light of the significant connections between this dispute and Pennsylvania, evidenced by the presence of numerous witnesses and documents in Pennsylvania and by the fact that one of the agreements at issue was negotiated in Pennsylvania.

Plaintiff responds that transfer should be denied because its choice of forum is to be afforded great weight and because the factors to be considered in making a transfer determination weigh in favor of retaining venue in Missouri. Specifically, Plaintiff contends that Missouri is the more convenient and just forum because Plaintiff's principal place of business is in Missouri; the accounts in question were serviced in Missouri and Minnesota; more of the likely witnesses as well as the records and documents relevant to the case are located in Missouri; Missouri has a greater interest in the outcome of the litigation because the conduct complained of and the injuries alleged occurred in Missouri; and finally, that this Court has more experience than the Pennsylvania district court in interpreting Missouri law which Plaintiff asserts is the law that will apply to this dispute.

## II. ANALYSIS

### A. Defendants' Motion to Dismiss

Improper venue is grounds for dismissal, but Defendants incorrectly assert that venue is improper here under 28 U.S.C. § 1391(b). *See* 28 U.S.C. § 1406 (permitting dismissal of a "case laying venue in the *wrong* division or district"). Defendants'

reliance on § 1391(b), the general venue statute, is misplaced because in removed actions like this one, § 1441(a), rather than § 1391(b), sets forth the proper venue for the filing of a petition for removal. *See St. Clair v. Spigarelli*, 348 Fed. Appx. 190, 192 (8th Cir. 2009).

Section 1441(a) "provides that *the proper venue* of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazine, Inc.*, 345 U.S. 663, 666 (1953) (emphasis supplied) (quoting 28 U.S.C. § 1441(a)). Applying this rule, the Court concludes that this case was properly removed from Saint Louis County to the Eastern District of Missouri, "the district and division embracing" Saint Louis County. *Becker v. Ford Motor Co.*, No. 4:07CV1537, 2007 WL 4404168, at *1 (E.D. Mo. Dec. 17, 2007) (holding "as the instant civil action was brought and pending in the Circuit Court of St. Louis County, Missouri, its removal to the Eastern District of Missouri was proper and venue appropriately lies here"). Therefore, there is no basis for dismissal under either § 1391 or § 1406 and Defendants' motion to dismiss will be denied.

### B.  <u>Motion to Transfer Venue</u>

Plaintiff opposes the transfer of venue on the ground that venue is proper only in the district designated under § 1441 for the filing of the petition for removal. This argument is without merit.

A district court may transfer "any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Courts have construed the phrases "any civil action" and "might have been brought" to permit, at a court's discretion, the transfer

of an action following its removal to federal court under 28 U.S.C. § 1332. *See*

*Spigarelli*, 348 Fed. Appx. at 192 (holding that "a change of venue is possible" after a

case has been removed to federal court); *Dube v. Wyeth*, 943 F. Supp. 2d 1004, 1005,

1008 (E.D. Mo. 2013) (granting transfer from the Eastern District of Missouri to the

Middle District of Florida after the case had been removed from state court); *see also*

14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3732 (4th

ed. 2009)

Although venue is proper in the Eastern District of Missouri, the Court may

transfer the matter under §1404(a) in the interest of justice and for the convenience of the

parties to a district where the action may have been brought. 28 U.S.C. §1404(a); *see*

*also St. Clair*, 348 Fed. Appx. at 192. All defendants in this case reside in Pennsylvania;

therefore if this action had originated in federal court, venue would have been proper in

the Eastern District of Pennsylvania. *See* 28 U.S.C. 1391(b) (stating that "[a] civil action

may be brought in a judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located"). The Court will therefore address

the propriety of a transfer to that district.

Courts consider the convenience of parties and witnesses and "the interest of

justice" when deciding whether to transfer an action pursuant to 28 U.S.C. § 1404(a).

*See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); *Dube*, 943

F. Supp. 2d at 1007. Specifically, courts consider: (1) the convenience of witnesses; (2)

the convenience of the parties; (3) the accessibility of records and documents; (4) the

location where the operating facts occurred; and (5) the applicability of each forum

state's law.  *Terra Int'l*, 119 F.3d at 691.  The convenience of witnesses is deemed the most persuasive factor.  *Id.* at 696.  With respect to the "interest of justice" courts consider (1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) the parties' ability to enforce judgments; (5) any obstacles to a fair trial, including but not limited to the ability to compel the testimony of hostile non-party witnesses, the governing law, and the relative ease of access to sources of proof; and (6) conflict of law issues such as the advantages of having a local court determine issues of local law.  *Id.*; *see also Montgomery Bank v. First Horizon Home Loan Corp.*, No. 4:09CV01334 ERW, 2010 WL 1712848, at \*4 (E.D. Mo. April 26, 2010).

Generally, federal courts will give "considerable deference to a plaintiff's choice of forum."  *Terra Int'l*, 119 F.3d at 695.  Therefore, "the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted," *id.*, and the plaintiff's choice of forum will not be disturbed "unless the balance of interests is strongly in favor of the [defendant]."  *Anheuser-Busch Inc. v. City Merch.*, 176 F. Supp. 2d 951, 959 (2001).  The plaintiff's choice of forum is granted less deference, however, if it is not the plaintiff's residence, if the defendant has little contact with the forum, *Biometrics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000), or the operative events took place in another forum.  *Textron Fin. Corp. v. KrystalKoach, Inc.* No. 4:10CV305, 2010 WL 2132662.  Finally, despite the deference accorded the plaintiff's choice of forum, the convenience of plaintiff's counsel is not a factor to be considered.  *Biometrics*, 112 F. Supp. 2d at 876.

1. <u>Convenience of the Witnesses</u>

The convenience of witnesses is "the most powerful factor governing the decision to transfer a case." *Fluid Control Prods., Inc. v. Aeromotive, Inc.*, No. 09-1667, 2011 WL 620115, at *3 (E.D. Mo. Feb. 11, 2011) (internal quotation omitted). In analyzing this factor, the Court must consider "the importance of the witnesses' proposed evidence," *Abbott v. Schneider Nat'l Carriers, Inc.*, No. 08-00430, 2008 WL 4279590, at *4 (E.D. Mo. Sept. 12, 2008), "the willingness of witnesses to appear . . . and the adequacy of deposition testimony." *Terra Int'l*, 119 F.3d at 696. Likewise, "[t]he amenability of significant nonparty witnesses to subpoena at the respective forums is an important factor to be considered." *Fluid Control Prod.*, 2011 WL 620115 at *3 (internal quotation omitted).

Defendants identify as key witnesses approximately 12 current employees, who have personal knowledge of the contract negotiations, the course of dealing under the contract, and the rebate program. They assert that two of these witnesses reside in New Jersey or New York but that most of these individuals reside in Pennsylvania. Defendants also assert that three other witnesses, their former employees, whose testimony may need to be compelled, are subject to the subpoena power of the district court for the Eastern District of Pennsylvania, but not to the subpoena power of this Court. In addition, Defendants name as likely witnesses employees of Plaintiff who traveled regularly to Pennsylvania for negotiation and administration of the contracts at issue and who Defendants believe reside in either New Jersey or New York.

Plaintiff contends that the key witnesses here will be nine of its current employees who are located in Missouri, Minnesota, and New Jersey and one former employee who worked in Saint Louis but whose present location is not known.

Upon review of the parties' arguments, the Court concludes that the convenience of witnesses weighs in favor of a Pennsylvania forum. Defendants identify current and former employees as key witnesses necessary to prove the existence of the contract, the meaning of its terms and the manner in which the parties had interpreted the provisions relating to the rebate program. Unless the matter is transferred, the three former employees may be unavailable due to this Court's inability to compel their testimony. By contrast, the majority of the key witnesses identified by Plaintiff are its current employees, several of whom do not reside in Missouri, who can be made available in either venue. And Plaintiff identifies only one former employee who may or may not reside within the subpoena power of the district court for the Eastern District of Pennsylvania.

On the basis of the foregoing, the Court concludes that this significant factor weighs in favor of transfer.

2. Convenience of the Parties

"The logical starting point for analyzing the convenience of the parties is a consideration of their residences in relation to the district court and the proposed transferred district." *Fluid Control Prods.*, 2011 WL 620115 at * 2 (internal quotation omitted). Courts also consider the demands that the discovery process is likely to place on each party. *Med. Shoppe Int'l v. Tambellini*, 191 F. Supp. 2d 1065, 1070 (E.D. Mo.

2002).  "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."  *Terra Int'l*, 119 F.3d at 696-97 (internal quotation omitted).

Defendants contend that they will be more inconvenienced by Plaintiff's choice of forum than Plaintiff will be if the case is transferred.  Defendants point out that they conduct business in Pennsylvania exclusively and that Plaintiff is a national corporation with a presence in numerous states.  Defendants also note that Plaintiff's subsidiary and the entity responsible for negotiating, executing and managing at least one of the contracts at issue, is located in New Jersey, a state contiguous with the portion of Pennsylvania where Defendants are found.  Defendants further argue that many of the "operative facts" surrounding the dispute occurred in Pennsylvania, noting that at least one of the contracts at issue was negotiated in Pennsylvania and that Plaintiff's employees met in Pennsylvania with Defendants on multiple occasions to manage the ongoing contractual relationship.  Defendants finally contend that the Pennsylvania forum will be advantageous for both parties because much of the discovery will be centered there and in New Jersey where the "operative facts" occurred.

Plaintiff contends that Missouri is the more convenient forum because Plaintiff is headquartered in Missouri, it executed at least one of the agreements in Missouri, and that after 2004 payments to the contested accounts were received in Missouri or Minnesota rather than Pennsylvania or New Jersey.

After reviewing the contentions of both parties, the Court finds that the convenience of parties also weighs in favor of Defendants.  Plaintiff's execution of one of

the agreements by Plaintiff in Missouri carries little weight.  In comparison to the negotiation and ongoing management of the contract in Pennsylvania.  Because more of the operative facts occurred in Pennsylvania and New Jersey, a considerable portion of discovery for both parties will be centered in that region adding to its convenience for both parties.  *See Textron Fin. Corp.*, 2010 WL 2132662 at \*4 (granting transfer where the "operative facts relevant to the outcome of the case" were "more significantly related" to the transferee forum than the transferor forum).  In addition, due to Plaintiff's national presence, the location of its subsidiary in New Jersey and its practice of traveling to Pennsylvania to negotiate with Defendants, it will be less burdened by the conduct of discovery outside of its home state.

### 3. The Accessibility of Records and Documents

With respect to the accessibility of records and documents, each party contends that the necessary documents are more accessible in its preferred forum, but the Court notes that neither party contends that the records and documents cannot be shared physically or electronically with a minimum of inconvenience to either party.  In addition, not only are Defendants' documents located in Pennsylvania but some of the relevant documents are likely held by Plaintiff's subsidiary in New Jersey.  Other relevant documents are apparently held in Minnesota, a location that favors neither party.  Therefore, the Court concludes that although it is close the accessibility of documents factor weighs very slightly in favor of transfer to Pennsylvania.

4. Location of Events Related to the Suit

The Court also gives consideration to "the location where the conduct complained of occurred." *Terra Intern., Inc.*, 119 F.3d at 696.  Courts analyzing this issue consider where the contracts at issue were negotiated and executed and where the parties' obligations to one another arose. *See Textron Fin. Corp.*, 2010 WL 2132662 at *4.

Plaintiff contends that the relevant events are the execution of the 2007 contract in Missouri and the administration of the accounts in Missouri and Minnesota.  Likening its claim to a "failure-to-pay," Plaintiff also contends that the injury occurred in Missouri.

Noting that the parties' dispute deals with their entitlement to certain rebates and not their obligation to make payments under the contracts, Defendants challenge Plaintiff's characterization of their claims as a "failure-to-pay."  In addition, as noted above, Defendants contend that many, if not all, of the relevant operative facts occurred in Pennsylvania because the contract which they assert governs the majority of the contested transactions was negotiated and partially executed there.  They also note that Plaintiff regularly met with Defendants' employees in Pennsylvania to facilitate administration of the contracts.

The Court agrees with Defendants' contention that Plaintiff's claim to recover rebates it paid is distinguishable from a failure-to-pay case and therefore concludes that the injury here did not necessarily occur in Missouri.  In addition, as noted above, the Court is persuaded that most of the operative facts occurred in Pennsylvania and therefore that this factor weighs in favor of transfer to that venue.

### 5. Choice of Law Considerations

The parties' 2002 contract, which Defendants assert governs the majority, if not all, of the claims at issue, included a governing law provision specifying the application of New Jersey law. *See* Doc. No. 13-4. The other disputed agreement, the 2007 contract, does not contain an applicable law provision. *See id.*

Pointing to the governing law provision and the negotiation and administration of the contracts in Pennsylvania, Defendants assert that either Pennsylvania or New Jersey law will likely apply to this dispute. Plaintiff asserts that Missouri law will apply because it executed the 2007 contract in Missouri and the payments made by Defendants under contracts were received in Missouri and Minnesota. Plaintiff further denies that the 2002 contract and hence, its governing law provision, applies to the dispute.

Although at this early phase in the litigation the Court cannot definitely determine which of the two agreements or which state's laws will ultimately apply, on this record it is reasonable to conclude that application of either New Jersey or Pennsylvania law to this dispute is more likely than the application of Missouri law. And the Pennsylvania court has greater experience than this Court does in applying the substantive law of Pennsylvania, and perhaps also in applying the law of New Jersey. Therefore, the choice of law considerations weigh slightly in favor of transfer.

### 6. The Interests of Justice

When considering the interests of justice, courts generally give "considerable deference to a plaintiff's choice of forum," *Terra Int'l*, 119 F.3d at 695. In this case, however, such deference is limited because the record indicates that Defendants have

little contact with Missouri and that many of the events giving rise to the suit did not occur in Missouri. *See Textron Fin. Corp.*, 2010 WL 2132662 at *4; *Biometrics, LLC*, 112 F. Supp. 2d at 875.

As fully discussed above, three of the "interest of justice" factors – the ability to compel the testimony of hostile non-party witnesses, the governing law, and the relative ease of access to sources of proof – favor transfer. *See, e.g., Anheuser-Busch*, 176 F.Supp.2d at 959; *Gen. Comm. of Adjustment GO-386 v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo.1995).

The remaining "interest of justice" factors are relatively neutral. The parties do not assert that either forum is more favorable with respect to judicial economy. Neither do they assert that conflict of laws issues exist nor that one forum will raise barriers to a fair trial or the enforcement of a judgment. Although transfer of venue would likely reduce Defendants' costs, it would likely increase Plaintiff's costs, and the converse would be true if the motion to transfer were denied.

Therefore, the Court concludes that even after affording Plaintiff's chosen forum some deference, the factors to be considered with respect to the interests of justice weigh in favor of transfer.

### 7. Balance of Factors

Having weighed all relevant factors, the Court concludes that convenience and justice would be served by transferring venue to the Eastern District of Pennsylvania. Pennsylvania is clearly a more convenient forum with respect to the availability and compulsion of relevant witnesses and this matter of convenience is the "primary, if not

most important factor," in determining whether transfer should be granted. *Biometrics*, 112 F. Supp. 2d at 876. In light of the preponderance of factual and legal ties to Pennsylvania, lesser deference is accorded to Plaintiff's choice of forum and Defendants have satisfied their burden to show that the balance of factors favors transfer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania is **GRANTED**. (Doc. No. 12.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall take all steps necessary to accomplish the transfer of this matter to the United State District Court for the Eastern District of Pennsylvania.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2014.